IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CURTIS LEON HORNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-194 |
| | ) | |
| STANLY WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because the petition is time-barred by the applicable one-year statute of limitations, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED**, and this civil action be **CLOSED**.

**I. BACKGROUND**

On May 11, 2009, a Richmond County jury found Petitioner guilty of possession of cocaine with intent to distribute, violating a Georgia seatbelt law, and driving without a license. (Doc. no. 1, p. 3.) Petitioner received a sentence of thirty years. (Id.) Petitioner appealed his conviction to the Georgia Court of Appeals, which affirmed the conviction on October 25, 2012. (Id.) Petitioner did not seek a writ of certiorari from the Supreme Court of Georgia. (See id.) Petitioner filed a state habeas corpus petition, which the habeas court

denied on August 5, 2014. (See id. at 4.)  Petitioner then sought an Application for Certificate of Probable Cause to Appeal, which the Supreme Court of Georgia denied on November 3, 2014.[1]  On November 14, 2014, Petitioner filed an untimely motion for reconsideration which was denied on December 11, 2014.  Petitioner signed the instant federal petition on December 8, 2015, and the Clerk of Court filed it on December 11, 2015.[2] (Id. at 9.)  In the petition, Petitioner claims he was denied counsel at a suppression hearing, and also moves for a Presidential pardon.  (Id. at 6.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Supreme Court of Georgia, http://www.gasupreme.us (follow "docket" hyperlink; then search "Horne" in style search box, click S14H1695.)

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 (11th Cir. 2009).  Because Petitioner does not state when he gave his petition to prison officials for mailing, he is presumed to have done so on the day he signed it, December 8, 2015.  See Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001).

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed on October 25, 2012. Petitioner did not seek review by the Supreme Court of Georgia. Thus, his conviction became "final" when the ten-day time period for indicating intent to seek review in the Supreme Court of Georgia expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Supreme Court of Georgia must file notice of intention to apply for certiorari with the Court of Appeals within ten days after entry of judgment.). Moreover, as Petitioner did not appeal to the Supreme Court of Georgia, he was not entitled to seek review in the United States Supreme Court and is therefore not entitled to benefit from the ninety-day period for filing a writ of certiorari in the United States Supreme Court. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Therefore, for the

3

purpose of AEDPA's one-year statute of limitations, Petitioner's state convictions became final in early November 2012.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner does not provide the specific date on which he filed his state habeas petition. (See doc. no. 1, p. 3.) Assuming *arguendo* that no time elapsed between when the Georgia Court of Appeals affirmed his conviction and when Petitioner filed his state habeas petition, Petitioner is still untimely.

Petitioner waited more than one year after November 3, 2014, the date the Georgia Supreme Court denied his application for a certificate of probable cause,[3] before filing the instant federal habeas petition on December 8, 2015. Petitioner's state habeas petition tolled the period of time for Petitioner to file a federal petition only until November 3, 2014. See Pugh, 465 F.3d at 1299 ("[The state habeas filing] would have tolled the limitation period until . . . [Petitioner's] application for a certificate of probable cause to appeal the denial of the habeas petition was denied."). Petitioner's untimely motion for reconsideration which the Supreme Court of Georgia denied on December 11, 2014, has no effect on the statute of limitations. Jones v. Barrow, No. CV408-209, 2009 WL 113264, at *1 (S.D. Ga. Jan. 16, 2009) (explaining petitioner's motion for reconsideration of Supreme Court of Georgia's

---

[3]Although Petitioner also lists December 11, 2014, as a date his application for Certificate of Probable Cause to Appeal was denied, the Supreme Court of Georgia's website shows that his application was denied on November 3, 2014. December 11, 2014 is the date in which Petitioner's motion for reconsideration was denied.

denial of certificate of probable cause did not toll limitations period for federal habeas petition).

> **B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections.

Similarly, Petitioner has not shown he is entitled to equitable tolling. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will

5

not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006). Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) cert. denied, 133 S. Ct. 351 (U.S. 2012) (citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Rozzelle, 672 F.3d at 1017.

Here, Petitioner has not presented any new evidence to suggest he did not commit the offense with which he was charged such that no reasonable juror would have convicted him.

Accordingly, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP (doc. no. 2) be **DENIED AS MOOT**, this petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA